JOSEPH C. BYRNE, Appellant, *v.* THE NYE AND WAIT CARPET COMPANY, Respondent.

*Master and servant — the master is not liable where the servant is injured through interference with a machine not within her line of duty.*

A girl employed in a carpet factory to pick and darn carpets (an occupation in no way connected with the machinery), who, upon seeing a machine start at a time when the man in charge thereof was not at his post, it not being his duty to be there at that time, attempts to adjust a carpet in the machine in order to prevent it from being injured, and in so doing has her fingers drawn into knives placed upon a cylinder at the top of the machine, cannot recover damages from her employer for the injuries thus sustained, on the ground that there were no guards in front of the knives.

Section 8 of chapter 409 of the Laws of 1886, as amended, requiring the owner of a manufacturing establishment to properly guard machinery of every description, only requires him to guard those parts of the machinery which, in reasonable anticipation, may be a source of danger to the operatives.

APPEAL by the plaintiff, Joseph C. Byrne, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cayuga on the 21st day of October, 1898, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Cayuga Trial Term.

Upon the 30th day of January, 1894, Elizabeth M. Byrne, a daughter of the plaintiff, an infant then between fifteen and sixteen years of age, while in the employ of the defendant company, was injured by having four fingers of her left hand cut off by one of the machines in the defendant's factory. One of the purposes of this machine, which was called a shearing machine, was to trim and cut the nap from carpets after they were manufactured, and for that purpose, as appears from the photograph in the printed case, some knives were placed upon a cylinder at the top of the machine. The cylinder, including the knives, was about five inches in diameter. The plaintiff's daughter was employed in another part of the room in which this machine was placed, and had been there for about six months. Her business was to pick the carpets and darn them if there were any loose threads or holes. There were a number of girls engaged with her in the same occupation. The work which she was employed and directed to perform was not a dangerous work and was in no way connected with these machines. These

machines were run by men who were fully acquainted with their working. At noon upon the day in question, about a quarter before one, the machinery was started in motion. It was not then the duty of the person in charge of the machinery to be at his post. There was a carpet in the machine, which was being run through, and as the plaintiff's daughter passed the machine she noticed that the carpet was drawn in such a way as, if not adjusted, would result in its damage. She thereupon undertook to press out the crease, or to pull the carpet so that it would run through the machine properly. In so doing her fingers were drawn into these knives and the injury was suffered.

*John Van Sickle*, for the appellant.

*William H. Harding*, for the respondent.

SMITH, J. :

The first proposition which the plaintiff must establish, in order to recover, is, that the defendant has been guilty of negligence. It could make little difference if the cylinder at the top of the machine had knives or was simply a roller to press the carpet. It would have been equally dangerous, and would have crushed the fingers of the employee instead of cutting them off.

By section 8 of chapter 409 of the Laws of 1886, as thereafter amended,* it is required that the owner of any manufacturing establishment shall properly guard machinery of every description. It is claimed by the plaintiff that the failure to place guards before these knives is a violation of that act. But this cylinder upon which were these knives was out of the way of every one who did not reach over to it. It was obviously dangerous to handle. It does not appear that in the ordinary operation of the machine any work was to be done in proximity to these knives, nor that it was required to be operated in any such way as to imperil the operator. The statute does not require every machine to be fenced in. It does not mean that all knives which may possibly be reached in a machine must be guarded. The law requires to be guarded those parts of machinery which, in reasonable anticipation, may be a source of danger to the operatives. It was not within reasonable anticipa-

---

* See Laws of 1892, chapter 673, section 8, substantially re-enacted by section 81 of the Labor Law, Laws of 1897, chapter 415.— [REP.

tion that a child at work in a different part of the factory should be attempting thus to adjust a carpet in a swiftly-moving machine, which was in no way connected with her work. As far as appears from the evidence in this case, therefore, this machine was properly guarded, and the defendant is chargeable with no fault which can give to the plaintiff a cause of action.

We have examined the exceptions to which the appellant has directed our attention, and have found none which can affect the main question in this case upon which this appeal is decided.

We think the judgment should, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs.