## BYRNE v. NYE & WAIT CARPET CO.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. MASTER AND SERVANT—FENCING DANGEROUS MACHINERY.

The statute (Laws 1886, c. 409, § 8, as amended by Laws 1892, c. 673) requiring the owner of any factory to "properly guard machinery of every description" does not require every machine to be fenced, but only those which, in reasonable anticipation, may be a source of danger.

2. SAME.

It was not within the reasonable expectation of an employer that a child should attempt to adjust material passing through a swiftly-moving machine, which was in no way connected with the child's work in another part of the factory.

Appeal from trial term, Cayuga county.

Action by Joseph C. Byrne against the Nye & Wait Carpet Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Upon the 30th day of January, 1894, Elizabeth M. Byrne, a daughter of the plaintiff, an infant then between 15 and 16 years of age, while in the employ

of the defendant company, was injured by having four fingers of her left hand cut off by one of the machines in the defendant's factory. One of the purposes of this machine, which was called a "shearing machine," was to trim and cut the nap off from carpets after they were manufactured, and for that purpose, as appears from the photograph in the printed case, some knives were placed upon a cylinder at the top of the machine. The cylinder, including the knives, was about five inches in diameter. The plaintiff's daughter was employed in another part of the room in which was placed this machine, and had been there for about six months. Her business was to pick the carpets, and darn them, if there were any loose threads or holes. There were a number of girls engaged with her in the same occupation. The work which she was employed and directed to perform was not a dangerous work, and was in no way connected with these machines. These machines were run by men who were fully acquainted with their working. At noon upon the day in question, about a quarter before 1, the machinery was started in motion. It was not then the duty of the person in charge of the machine to be at his post. There was a carpet in the machine, which was being run through, and, as the plaintiff's daughter passed the machine, she noticed that the carpet was drawn in such a way as, if not adjusted, would result in its damage. She thereupon undertook to press out the crease or to pull the carpet so that it would run through the machine properly. In so doing her fingers were drawn into these knives, and the injury was suffered.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

John Van Sickle, for appellant.
William H. Harding, for respondent.

SMITH, J. The first proposition which the plaintiff must establish in order to recover is that the defendant has been guilty of negligence. It could make little difference if the cylinder at the top of the machine had knives, or was simply a roller to press the carpet. It would have been equally dangerous, and would have crushed the fingers of the employé, instead of cutting them off. By section 8 of chapter 409 of the Laws of 1886 as thereafter amended by Laws 1892, c. 673, it is required that the owner of any manufacturing establishment shall "properly guard machinery of every description." It is claimed by the plaintiff that the failure to place guards before these knives is a violation of that act. But this cylinder upon which were these knives was out of the way of every one who did not reach over to it. It was obviously dangerous to handle. It does not appear that in the ordinary operation of the machine any work was to be done in proximity to these knives, nor that it was required to be operated in any such way as to imperil the operator. The statute does not require every machine to be fenced in. It does not mean that all knives which may possibly be reached in a machine must be guarded. The law requires to be guarded those parts of machinery which, in reasonable anticipation, may be a source of danger to the operatives. It was not within reasonable anticipation that a child at work in a different part of the factory should be attempting thus to adjust a carpet in a swiftly-moving machine, which was in no way connected with her work. As far as appears from the evidence in this case, therefore, this machine was properly guarded, and the defendant is chargeable with no fault which can give to the plaintiff a cause of action.

We have examined the exceptions to which the appellant has directed our attention, and have found none which can affect the main question in this case upon which this appeal is decided.

We think the judgment should, therefore, be affirmed. Judgment affirmed, with costs. All concur.