Argued May 1, decided May 16, 1911.

## WILLS v. PALMER LUMBER CO.

[115 Pac. 417.]

APPEAL AND ERROR—HARMLESS ERROR—CONSTITUTIONAL PROVISION—
    APPLICABILITY.

1. Section 3, Article VII of the Constitution of Oregon, as amended November 8, 1910 (1 L. O. L. p. xxiv), prohibiting reversal of a just judgment notwitstanding error during the trial, etc., applies where appeal was taken and the transcript and bill of exceptions were prepared after that date.

APPEAL AND ERROR—HARMLESS ERROR—CONSTITUTIONAL PROVISIONS—
    EFFECT.

2. Under Section 3, Article VII of the Constitution of Oregon, as amended November 8, 1910 (1 L. O. L., p. xxiv), prohibiting reversal of

a just judgment notwithstanding error during the trial, etc., the Supreme Court on appeal must examine the entire record, including the transcript and any other material matter, and affirm the judgment regardless of trivial errors, on finding it to be such as should have been rendered, or modify the judgment if it can be determined what adjudication should have been made below, otherwise the judgment should be reversed and the cause remanded for new trial or such other proceedings as may be necessary, not inconsistent with a written opinion stating the reasons for the conclusion reached.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MOORE.

This action is based on the factory inspection act (Section 5040 *et seq.,* L. O. L.), and was instituted by Joseph M. Wills against the George Palmer Lumber Company, a corporation, to recover damages for a personal injury. The defendant owns and operates a box factory, a part of the machinery of which consists of a circular saw projecting three inches above the surface of a table. Short pieces of lumber are pushed by hand along the table against the saw, an adjustable gauge regulating the width of the cut. Countersunk in and bolted to the table at the back of and in line with the saw is a thin iron arm, about an inch and a half wide at the bottom, and tapering towards the top, extending above and in the same direction with the saw, forming the segment of a circle. The lower end of the arm is sharpened to a wedge which, entering the kerf made in boards, prevents them from binding the saw. The upper end forms a bolt to which is attached a small block of wood, inclining forward and extending downward, that precludes sawdust from striking the operator, yet leaves sufficient space beneath for the free passage of boards to the saw. While ripping box lumber, two pieces of which were required to complete the desired width and necessitated the use of both hands to keep the material parallel and in position, the plaintiff lost the thumb and the first two fingers of his left hand by coming in contact with this saw.

The complaint describes the condition of the machinery and alleges as negligence the defendant's failure to safeguard the saw, and that it was practical so to shield it without impairing its use. A compliance on its part with the several conditions of the factory inspection act is also asserted.

The answer, having denied the material averments of the complaint, alleged that the iron arm and the wooden block constituted a reasonable safeguard. Other defenses are interposed, but they are not deemed material.

A reply put in issue the allegations of new matter in the answer, whereupon the cause was tried, resulting in a verdict for plaintiff in the sum of $1,200, and, judgment having been rendered thereon, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Thomas H. Crawford* and *Mr. F. S. Senn,* with an oral argument by *Mr. Crawford.*

For respondent there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is maintained by defendant's counsel that the court committed several errors, to which exceptions were duly reserved. It is insisted by plaintiff's counsel, however, that though this cause was tried prior to November 8, 1910, when Section 3 of Article VII of the constitution was amended (1 L. O. L., p. xxiv), the bill of exceptions was not settled until December 26th of that year, and as all the testimony has been brought up, the appeal is governed by the practice prescribed by the altered fundamental law, and, such being the case, any error committed at the trial should be disregarded and the judgment affirmed.

1. The appeal was taken and the transcript and bill of exceptions were prepared after the organic law was

amended, thereby making its provisions applicable to the case at bar: *Darling* v. *Miles,* 57 Or. 593 (112 Pac. 1084). The altered section is as follows:

"In actions at law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this State, unless the court can affirmatively say there is no evidence to support the verdict. Until otherwise provided by law, upon appeal of any case to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed , and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court; provided, that nothing in this section shall be construed to authorize the Supreme Court to find the defendant in a criminal case guilty of an offense for which a greater penalty is provided than that of which the accused was convicted in the lower court."

Obeying the mandate thus ordained, the entire testimony given at the trial has been carefully scrutinized, and from such investigation we cannot affirmatively say there is no evidence to support the verdict, and based on this conclusion the action of the court in denying a motion for a judgment of nonsuit and in refusing to direct a verdict for defendant will not be reviewed. An examination of the section of the constitution quoted will show that authority to regulate the practice on appeals in this court is reserved, to be exercised either by the legislative assembly or by the people of the state under the

initiative power. No law has been enacted, however, since
Section 3 of Article VII of the constitution was amended,
modifying in any manner the procedure so prescribed.
The amended organic provision: "If the Supreme Court
shall be of opinion, after consideration of all the matters
thus submitted, that the judgment of the court appealed
from was such as should have been rendered in the case,
such judgment shall be affirmed notwithstanding any
error committed during the trial," necessitates a con-
sideration of the question: What degree of misappre-
hension of the law, or extent of mistake in its applica-
tion, should be regarded as immaterial?

In the trial of actions by juries, speedy dispatch has
been essential, in order to lessen the expenses necessarily
incident to an inquiry as to the facts involved, and this
haste has precluded the careful examination by the trial
court of legal principles or the determination of the
weight of conflicting decisions. In view of such accelera-
tion, it is remarkable that more judgments have not been
reversed, for it has been the constant practice of the
attorney for a defeated party, when appealing, to assign
as error every ruling of the court opposed to which any
authority could be found or reason adduced. This court,
like all other highest judicial tribunals, has deemed it
necessary carefully to consider all errors alleged to have
been committed, and, if a repetition of them in the trial
of other actions could not be universally upheld as rules
of law, reversals have generally followed, though the
judgments complained of were essentially correct. This
practice had become so crystalized and firmly established
in this State that it could not well be changed without
legislative sanction, and, in order to bring about an alter-
ation in the method of disposing of causes on appeal,
applications were made several times to the assembly for
an enactment permitting affirmances of judgments with-
out writing more than mere memorandum opinions, when-

ever it appeared from an examination of the entire record of a cause that substantial justice had been administered, believing that by a general statement of the conclusions reached without expressions committed to paper of the legal principles involved no bad precedents could be established, but every effort to obtain a law to that effect proved unavailing.

The qualified electors of Oregon, recognizing the urgent necessity of a change in the practice as indicated, desiring to avoid the expenses which new trials entail upon parties and impose upon counties, expecting speedily to put at rest issues that have once been fairly tried and exercising a measure of the power reserved, ratified the amendment noted, thereby adopting the practice that had been solicited in vain from the legislature.

2. Giving to the amendment the liberal construction necessary to effectuate the purposes indicated, we believe a fair interpretation of the altered organic law regulating practice on appeal in this court demands a careful examination of the entire record of the trial of an action at law, including a transcript of the testimony brought up for review and any other material matter, and, if the judgment given is found to be such as should have been rendered in the case, an affirmance of the determination of the lower court should follow, without adverting to or commenting upon, in a memorandum opinion, any trivial errors that may have been committed.

Where, however, it appears from such examination that the judgment complained of should be changed, and it can be determined what adjudication should have been given, the proper entry must be made in this court; but, if this cannot be done, the judgment should be reversed and the cause remanded for a new trial or for such other proceedings as may be necessary, not inconsistent with a written opinion, stating the reasons for the conclusion

reached, which should be handed down in all cases of modifications or reversals.

Adopting these suggestions as a rule, we are of the opinion, after a careful consideration of all the matters submitted on this appeal, that the judgment should be affirmed, notwithstanding any error committed at the trial; and it is so ordered.          AFFIRMED.