Submitted on briefs without argument Nov. 2, decided Dec. 5, 1911.

### PURDY v. VAN KEUREN.

[119 Pac. 149.]

ACCORD AND SATISFACTION—PLEADING—REQUISITES.

1. An answer, in an action for services rendered under a contract, which denies the material allegations of the complaint, except as alleged in the further and separate answer, which states a different contract and an accord and satisfaction, is insufficient, for defendant can plead the general issue and an accord and satisfaction by an absolute denial of the contract, coupled with a plea of accord and satisfaction of plaintiff's demand.

CONTRACTS—ACTIONS FOR SERVICES—PLEADINGS—ISSUES.

2. A defendant, in an action for services rendered under a contract, may not, under a general denial, show that the services sued for were rendered gratuitously, but that defense must be specially pleaded.

APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.

3. Under Article VII, Section 3, Constitution of Oregon, as amended November 8, 1910 (Laws 1911, p. 7), a verdict sustained by evidence cannot be disturbed on appeal.

From Grant: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE MCBRIDE.

·     This is an action by Jesse T. Purdy against Judson H. Van Keuren to recover for labor and services. The com-

plaint alleges, in substance, that, on or about January 14, 1907, plaintiff performed labor and services for defendant in Grant County, Oregon, and that defendant promised to pay therefor $200, and has not paid the same, nor any part thereof, and concludes with a prayer for judgment for $200, with interest at 6 per cent. from January 14, 1907.

The answer denies each and every material allegation of the complaint, except as alleged in the further and separate answer, which states that in 1906 and 1907 plaintiff, defendant, and Jay A. Higbee were residents of Idaho; that plaintiff was engaged in business as a timber locator in Grant County, Oregon, and elsewhere; that in July, 1906, plaintiff agreed with defendant and Higbee that, in consideration of their sending to him persons who desired to enter timber lands in Grant County, he would pay to them $100 for each person so sent to him, and by him located; that defendant and Higbee sent five persons to him, all of whom plaintiff located on timber lands in Grant County, prior to January 14, 1907, and that plaintiff thereby became indebted to defendant and Higbee in the sum of $500, or $250 each; that, on or about January 14, 1907, plaintiff located the defendant on a timber claim in Grant County, Oregon, and his labor and services in doing so are those mentioned in the complaint, and were rendered and performed by plaintiff for defendant in full payment for the services performed by defendant for plaintiff in procuring the five persons to enter and locate timber lands, as above set forth; that plaintiff then and there accepted the services and labor of defendant for his services; that defendant accepted the services and labor of plaintiff for defendant's services.

The reply denied the accord and satisfaction pleaded in the answer, admitted that plaintiff located defendant on a timber claim in Grant County, as alleged, and admitted that his services in so locating plaintiff were the

labor and services referred to in the complaint. A jury trial was had, and there was a verdict and judgment for plaintiff. Defendant appeals.                    AFFIRMED.

Submitted on briefs under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 ( 117 Pac. xi).

For appellant there was a brief over the names of *Messrs. Hicks & Marks.*

For respondent there was a brief over the names of *Messrs. Cattanach & Wood.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. The validity of defendant's objections to the ruling of the court excluding certain portions of his evidence hinges upon a single proposition. Could he, after pleading an accord and satisfaction, as is done here, introduce evidence tending to show that plaintiff's services were rendered gratutiously? It will be seen that defendant does not positively deny any specific allegation of the complaint. He denies only such as he deems material, and these only in so far as they are not referred to in the answer. In other words, he says:

"The contract was not as plaintiff states it, but as I state it."

Conceding that defendant had the right to plead the general issue, and also an accord and satisfaction of the claim, he could only do this by an absolute denial of the contract, coupled with a plea of accord and satisfaction of the plaintiff's demand. The pleading in the case at bar falls short of this. The defendant could not in any event, under a general denial, introduce evidence that plaintiff's services were rendered gratuitously. The law presumes that services performed by one at the request of another are performed for hire, and implies a promise to pay for them. Lawson, Contracts, Section 43. To overcome this presumption, and to fairly appraise plaintiff of the

defense he intended to interpose, defendant should have pleaded specially that the services were performed gratuitously.

3. The brief of defendant contains a discussion of the evidence submitted, and it must be confessed that the evidence is exceedingly contradictory and unsatisfactory; but there was evidence, sufficient to submit to a jury, which sustained plaintiff's theory, and the jury having found in his favor we are prohibited by Section 3, Article VII, of the Constitution, as amended November 8, 1910 (Laws 1911, p. 7), from disturbing their verdict.

The judgment of the lower court is affirmed.

AFFIRMED.