Argued Feb. 15, decided Feb. 27, rehearing denied April 9, 1912.

## ATHERTON v. WALLING.

[121 Pac. 796.]

APPEAL AND ERROR—HARMLESS ERROR.

The Supreme Court, believing that substantial justice was done, notwithstanding any possible errors, will, under Section 3, Article VII, Constitution of Oregon, as amended November 8, 1910 (1 L. O. L. p. xxiv), affirm.

From Multnomah: JAMES W. HAMILTON, Judge.

This is an action by Stella Atherton against G. E. Walling. From a judgment in favor of plaintiff, defendant appeals. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief over the names of *Messrs. Leonard & Hitch,* and *Mr. John Manning,* with an oral argument by *Mr. Barge E. Leonard.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an action to recover money. The complaint stated in effect that on June 4, 1905, the defendant for value executed to plaintiff his promissory note for $350, payable in a year, with interest at the rate of seven per cent per annum; that about December 20, 1909, for the purpose of having the note renewed, plaintiff delivered it to defendant, who refused and still declines to execute another note, or to return the one so handed over to him, no part of which has ever been paid. The answer denied generally each averment of the complaint. The cause was thereupon tried, and the jury having found for plaintiff in the sum of $485.36, upon which judgment was rendered, the defendant appeals. His counsel assign as alleged error the action of the court in receiving and excluding certain testimony and evidence, and in permitting plaintiff's counsel, in address-

ing the jury, to indulge in improper and prejudicial argument, to all of which exceptions were allowed.

This cause was tried after November 8, 1910, when Section 3, Article VII, Constitution of Oregon, was amended. (1 L. O. L. p. xxiv). Attached to the bill of exceptions is an extended transcript of the stenographer's notes of the entire testimony given at the trial, and also the original exhibits offered in evidence. There is also set forth in the bill of exceptions a statement of the language employed by plaintiff's counsel in arguing the cause to the jury. The whole of the testimony has been carefully read, and the exhibits have been attentively examined, from which perusal and inspection it cannot be affirmatively said there was no evidence to support the verdict. *Willis* v. *Palmer Lumber Co.,* 58 Or. 536 (115 Pac. 417).

We believe that substantial justice has been done, and, notwithstanding any errors that may possibly have been committed, the judgment should be affirmed; and it is so ordered.          AFFIRMED: REHEARING DENIED.