Argued Feb. 27, decided March 19, rehearing denied April 16, 1912.

## HALL v. SHANK.

[121 Pac. 965.]

APPEAL AND ERROR—APPELLATE PRACTICE—CONSTITUTIONAL PROVISIONS—SCOPE OF OPERATION.

1. Section 3, Article VII, Constitution of Oregon, as amended November 8, 1910, prohibiting reversal of a just judgment for error during the trial, governs where the bill of exceptions was allowed after that date.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL PROVISIONS.

2. Under Section 3, Article VII, Constitution of Oregon, as amended November 8, 1910, prohibiting the reversal of a just judgment for error during the trial, a judgment rendered on a verdict justified by the evidence will not be disturbed on appeal for error during the trial.

From Josephine: FRANK M. CALKINS, Judge.

This is an action by C. C. Hall against E. S. Shank and Capitola Shank, his wife. From a judgment in favor of plaintiff, defendants appeal. The facts are stated in the opinion.                    AFFIRMED.

For appellants there was a brief and an oral argument by Mr. Robert G. Smith.

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an action by C. C. Hall against E. S. Shank and his wife to recover the amount of promissory notes which they executed to him October 30, 1909, for $1,000 and $1,700, respectively. The instruments were payable February 1, 1910, with interest at the rate of 8 per cent per annum, less a payment of $137.60. The recovery of $100 and $150 was also sought as reasonable sums as attorney's fees, stipulated to be paid in case suit or action were instituted to collect the notes or any part thereof. The complaint, containing two causes of action, is in the usual form.

The answer admitted the making of the notes, which, it was averred by way of counterclaim, were executed to evidence a part of the purchase price of a land option contract held by Hall and Shank, who were jointly entitled to a crop of apples raised on the premises, the plaintiff's equitable title to which was transferred to Shank; that Hall and Shank were partners, and the former superintended the harvesting and marketing of the fruit; that on October 30, 1909, an agreement was consummated whereby plaintiff relinquished his equitable interest in the land to Shank, who, in consideration therefor, paid him $4,000 and executed the notes mentioned; that, in order to induce Shank to enter into the agreement, Hall, who had harvested most of the fruit, represented to him that he had actual knowledge of the amount and condition of the crop; that there would be 8,000 boxes of marketable apples, of which 6,500 boxes would be suitable for shipping and the remainder fit for the local market; that Shank did not know, and had no means of estimating, the quality or quantity of the fruit, but relied upon such representations, and was per-

suaded to enter into the contract whereby he paid the sum of money and gave the notes referred to; that such representations were false, in that the quantity of apples did not exceed 6,500 boxes, of which only 4,240 boxes were shipping fruit and the remainder inferior grades, and by reason of such fraudulent misstatements Shank was damaged in the sum of $2,822.50. For a second defense it was averred as an offset that prior to October 30, 1909, Hall and Shank were partners in the ownership and management of the orchard; that when the notes were given the firm owed $2,800, one-half of which sum Hall stipulated to pay, but had not liquidated any part thereof, and Shank had discharged such entire indebtedness. For a third defense, and as a counterclaim, it was alleged that Hall collected from a debtor of the firm $40, and refused to pay Shank any part thereof, or to give him any credit therefor on the notes. For a fourth defense, and as an offset, it was averred that Shank loanded $116.95 to Hall, who had not repaid any part of that sum. The prayer was for a judgment against Hall for $2,882.50 on the first counterclaim, $1,400 on the second, $40 on the third, and $116.95 on the fourth, besides the costs and disbursements of the action.

The reply put in issue the material allegations of new matter in the answer and averred that the sum of $6,700, of which $4,000 was paid in cash and $2,700 evidenced by promissory notes, was given to Hall by Shank, who stipulated to pay that sum and take a transfer of the property burdened with the indebtedness. Based on these issues the cause was tried, whereupon the jury found for the plaintiff in the sum of $2,889.53 and, judgment having been rendered thereon, the defendants appeal, assigning as error the refusal of the court to give two requested instructions, to the denial of which exceptions were taken.

The judgment in the cause was rendered July 13, 1910, but the bill of exceptions was not settled until January 16, 1911. By stipulation of counsel for the respective parties there was attached to and made a part of the bill of exceptions a transcript of all the testimony given and of all the exhibits introduced in evidence at the trial, and a copy of the entire charge of the court to the jury and of the instructions refused.

1. The bill of exceptions having been allowed after November 8, 1910, when Section 3, Article VII, Constitution of Oregon, was amended, the changed provisions of the organic law govern the consideration of causes tried by a jury prior to that time. *Darling* v. *Miles,* 57 Or. 593 (111 Pac. 702: 112 Pac. 1084).

2. A careful examination of the entire transcript, etc., before us, induces the conclusion that the verdict was such as should have been returned. *Wills* v. *Palmer Lumber Co.,* 58 Or. 536 (115 Pac. 417).

The judgment will therefore be affirmed.

Affirmed: Rehearing Denied.