Argued March 26, decided April 8, 1913.

**MARIEN *v.* M. J. WALSH & CO.**[*]

(131 Pac. 505.)

**Master and Servant—Injuries to Servant—Evidence—Repairs.**

1. While evidence of subsequent repairs to a machine which caused injury to a servant is inadmissible to show negligence, nevertheless, where the jury viewed the machine, evidence of changes since the accident is admissible.

**Damages—Injury to Servant—Evidence.**

2. In an action by a servant for personal injuries, where the complaint which alleged that he was permanently disabled from working at his trade and that his earning capacity was greatly lessened was denied by the answer, evidence that plaintiff could only do farm chores after the injury, and could do very little work, is admissible.

**Trial—Reception of Evidence—Rebuttal.**

3. In an action by a servant who was injured while using a polisher, testimony by a witness, who was not present when

the servant closed his case, that he worked with the same machine and that it was wabbly, the boxing being worn and loose, is properly admitted where no specific objection was made and the court treated a blanket objection as one that the evidence was not rebuttal; it appearing that no question was raised as to when the witness worked with the machine in question.

**Master and Servant—Injuries to Servant—Questions for Jury.**

4. In an action by an injured servant, evidence of the master's negligence held sufficient to go to the jury.

---

*On the question of evidence as to the condition prior and subsequent to accident, see note in 32 L. R. A. (N. S.) 1085.    REPORTER.

From Multnomah: HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action brought under the factory act of 1907 Sections 5040-5057, L. O. L.), by John Marien against M. J. Walsh & Co., a corporation, to recover for personal injuries received by plaintiff while operating a polishing machine used in the business of the defendant, who is a manufacturer of electric fixtures and supplies; plaintiff being in the act of polishing the fender of an electric fan by holding it against the buffing wheel, when the fan was caught by the wheel and plaintiff's thumb was drawn into the wheel and badly injured. The machine is alleged to have been defective in that the shaft thereof was held in place by a bracket, the boxing of which was worn and loose, permitting the wheel to jump and vibrate violently, rendering it hazardous to operate, and thereby causing the injury complained of. The cause of action was not properly alleged in the first complaint, but at the trial the complaint was amended to bring the case within the act above named.

The defense alleged is that the machine was not defective nor out of repair, and that the defendant had no notice of any defect therein; that the injury was caused

by the negligence of the plaintiff and was the result of a defect in the electric fan, and not in the machine.

The cause was tried before a jury, which rendered a verdict for the plaintiff.    From a judgment thereon, defendant appeals.    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Manning & White* and *Mr. Robert E. Fitch,* with an oral argument by *Mr. Sam White.*

For respondent there was a brief over the names of *Messrs. Everson & Pierce,* with an oral argument by *Mr. Fred L. Everson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

There are many assignments of error, but they are treated in appellant's brief as involving only four principal questions.

1. At the commencement of the trial, a jury was sent to view the machine.    On resuming the trial, plaintiff, as a witness on his own behalf, was asked to explain to the jury the changes in the machine when the jury saw it from its condition when the accident occurred, and he testified to certain changes made since the injury complained of in bracing the machine and in changing its position and the position of the shaft and pullery.    After he gave this testimony, the defendant stated:

"All of this is objected to as incompetent, irrelevant, and immaterial and not having been alleged that the machine was not properly braced.    They allege that the defect was in the play, in the boxing, and anything in regard to the bracing of the machine is incompetent. * * I want to urge that objection."

There was no suggestion at the trial that evidence of repairs of the machinery after the injury was incompetent to show previous negligence.    In fact, the apparent purpose of the evidence was to explain to the jury the condition of the machine at the time of the injury, and no other purpose was considered by the attorneys or by the court.    This was made plain by what took place at

the close of plaintiff's case, when plaintiff's attorney stated to the court that he wished to call other witnesses "in regard to the condition of the machine over there now, as it is now and as it was at the time of the accident;" and the court said, the jury being present: "That is not admissible; clearly inadmissible. You have no right to show a machine has been made better, as showing negligence in any way. A man may improve a machine, because his experience has taught him to do so, and because the machine has been changed would not be any evidence to show that it was not in good condition before"—thus showing that that was the first time the matter was directly raised, and that it was promptly decided by the court in favor of the defendant. The law is well settled that evidence of additional precautions or of subsequent repairs is not competent for the purpose of proving antecedent negligence. This is well stated by Mr. Justice LORD in the case of *Skottowe* v. *O. S. L. Ry. Co.*, 22 Or. 438 (30 Pac. 224: 16 L. R. A. 596) ; but it is also held in that case that evidence of such repairs is competent for the purpose of showing that the place where the injury was received was under the control of the defendant. Other exceptions suggest themselves, such as in the present case, to explain to the jury, who have viewed the premises, the condition of the machine at the time of the injury. This question is also discussed by Mr. Chief Justice MCBRIDE in *Love* v. *Chambers Lumber Co.*, 64 Or. 129 (129 Pac. 492), recognizing the exceptions to the rule, and suggesting that the effect of the evidence should be limited by the instructions to the jury.

2. Defendant also assigns as error the fact that the witness Learned was permitted to testify to the effect that after the injury plaintiff had no means, but was dependent upon his own labor for his living; that plaintiff could do very little farm work; and that he could

only do chores. It was alleged in the complaint that he was permanently disabled for working at his trade as a polisher, and that his earning capacity in any employment was greatly lessened. This allegation was denied by the answer; and, the evidence being in support of that issue, it was not error to admit it. See *Ferrari* v. *Beaver Hill Coal Co.*, 54 Or. 223 (94 Pac. 181: 95 Pac. 498: 102 Pac. 175, 1020).

3. Error is also assigned in the admission of the evidence of witness Marts to the effect that he worked with the same machine, and that it was "wabbly" and the boxing worn and loose, and that the wheel jumped around and kicked. The objection was that the evidence was incompetent, irrelevant, and immaterial, and not rebuttal. The witness was also a polisher, working for defendant at the time plaintiff received his injury. He had worked on the same machine. No specific objection was made, and the court treated it as an objection that the evidence was not rebuttal, and overruled it because the witness was not present when plaintiff closed his case. No question was raised as to just when he worked with the machine, and we may assume it was approximately near the time referred to when plaintiff received the injury; and it was not error to admit the evidence.

4. At the close of plaintiff's testimony, defendant moved for a nonsuit for the reason that the testimony was not sufficient to be submitted to the jury. First, he insists that as section 8 of the factory act of 1907 provides that the owner of the machinery shall be liable for injuries sustained, provided the proximate cause of such injury is the defective condition of the machine, it is not shown that the proximate cause of the injury was the defect in the machine, but rather the defective electric fan guard being polished, in that a spoke or wire of the fender was loose, and an upper spoke was

caught by the buffing wheel. The plaintiff as a witness, in describing the accident, says:

"When the wire (on the guard) gave, by the kicking of the wheel taking hold of the upper wire, that was the cause of it drawing it into the machine. * * The giving of the wire would give the wheel more of a show to catch this upper wire. * * When it gave, the kicking of the wheel would become longer; * * it would take another hold; it would take a larger hold by kicking. * * When the wire gave, it gave the wheel a show to go back and kick forward."

Much testimony was given to the effect that the shaft of the wheel was loose and gave it play, which caused it to jump and vibrate, and this was sufficient to go to the jury as to whether it was the proximate cause of the injury.

We find no error in the trial. The judgment of the trial court is affirmed.                              AFFIRMED.