'Argued June 25, decided July 1, 1913.

# DORN *v.* CLARKE–WOODWARD DRUG CO.

## (133 Pac. 351.)

**Master and Servant—Injuries to Servant—Safe Appliances—Duty to
' Furnish—Assumed Risk.**

1. Initiative act of November, 1910, provides that all owners having charge of any work involving a danger to employees shall use every practicable device for the protection of life and limb, limited only by the necessity for preserving the efficiency of the structure, etc., and without regard to the additional cost. *Held,* that such provision imposed an absolute duty on the employer; and, where a servant was injured by a master's failure to provide proper and safe appliances, the servant did not assume the risk.

**Damages—Injuries to Servant—Aggravation of Prior Disability—
Pleading.**

2. Where a servant who had previously suffered from appendicitis sustained an injury which aggravated the condition, he was entitled to recover for the direct effect of the injury arising from the defendant's negligence notwithstanding, as an incident thereto, the former complaint was aggravated; but he could not recover for the aggravation itself unless pleaded as an element of damage.

[As to mitigation of damages by proof that the injured person was suffering from disease, see note in 10 Am. St. Rep. 64.]

**Trial—Evidence—Application—Duty to Limit.**

3. Where, in an action for injuries to a servant, the fact that the injury aggravated a prior predisposition to appendicitis was not pleaded as an element of damage, but evidence of that fact was admissible as bearing on the direct effect of the injury arising from defendant's negligence, it was the court's duty to limit the effect of such evidence by instructing the jury against allowing anything for aggravation of plaintiff's prior diseased condition, and that they could only consider the evidence as bearing on the direct effects of the injury.

**Master and Servant—Injuries to Servant—Action—Trial—Instructions.**

4. Section 868, L. O. L., provides that the jury, subject to the control of the court, are the judges of the effect of the evidence, except when it is declared to be conclusive; but they are to be instructed on all proper occasions, and in civil cases the affirmative of the issue shall be proved, and, when the evidence is contradictory, the findings shall be according to the preponderance of the evidence. Section 799 also declares that a person shall be presumed innocent of crime or wrong. *Held,* that such presumption is a piece of evidence in an action for injuries to a servant resulting from the defendant's alleged negligence, and it was error for the court to omit to charge that plaintiff was required to prove his case by the preponderance of the evidence, and

that the mere happening of the accident was not alone sufficient to establish defendant's negligence.

[As to the presumption of negligence from the happening of an accident, see note in 113 Am. St. Rep. 986; as to when the exercise of care will be presumed, see note in 116 Am. St. Rep. 108.]

Evidence—Opinion—Experts.

5. Where a servant while making certain alterations in the office of a wholesale drug firm was injured by the slipping of a ladder on the oiled floor, it was improper to permit a foundryman familiar with the use of ladders only in his own establishment to testify as an expert on the ultimate question of whether the ladder in question was a suitable appliance for the task at hand.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Fred Dorn against the Clarke-Woodward Drug Company, a corporation, instituted under the statute providing for the protection and safety of persons engaged in the construction, repairing, alteration, or other work, upon buildings, etc., enacted by the initiative process at the November election of 1910.

The complaint alleges, in substance, that the defendant on July 13, 1911, directed the plaintiff, as its employee, to make certain alterations in the building owned and occupied by the defendant. The changes in question consisted in installing a transom in the wall of an office in the building, the work connected with which required the use of a ladder. While standing upon this ladder in the prosecution of this employment, the ladder slipped, precipitating the plaintiff upon the floor, whereby he received the injuries of which he complains. The plaintiff avers that the defendant was negligent in setting him to work at employment which involved risk and danger to him, and in failing to provide him with a safe place in which to work, and with suitable and proper equipment, in that the floor was oiled and the ladder was likely to slip upon the surface thereof, all of which

the defendant knew, and which was unknown to the plaintiff.

All the allegations of the complaint are denied by the answer, except the corporate character of the defendant, its occupation and ownership of the building, and the fact that the plaintiff was its employee at the time mentioned. The substance of the affirmative defense is that the plaintiff was skilled in the employment in which he was engaged at the time, and assumed the risks of the same, and that the injury he received was due to his own contributory negligence.

The reply traversed the answer in material particulars. The trial resulted in a judgment for the plaintiff, from which the defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Ralph W. Wilbur.*

For respondent there was a brief over the names of *Messrs. Angell & Fisher,* with an oral argument by *Mr. Homer D. Angell.*

MR. JUSTICE BURNETT delivered the opinion of the court.

In the statute referred to it is provided that: " * * Generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

1. The statute is analogous to what is known as the factory act: L. O. L., § 5040 et seq. An absolute duty is imputed to the employer for the violation of which he is penally, as well as civilly, liable. Under such circumstances, the servant does not assume the risk of injury, as decided in *Hill* v. *Saugested,* 53 Or. 178, 185 (98 Pac. 524, 22 L. R. A. (N. S.) 634). Within the rule laid down by Mr. Justice BEAN in that well-considered case, and followed by Mr. Chief Justice McBRIDE in *Love* v. *Chambers Lumber Co.,* 64 Or. 129 (129 Pac. 492), the court was not in error in the case at bar in refusing three instructions on the subject of assumed risk.

2. There was some testimony before the jury to the effect that the injuries received by the plaintiff in the fall aggravated an old complaint of appendicitis from which he had previously suffered. The defendant asked the court to instruct the jury that they could not take the aggravation of the former complaint into consideration, because the same had not been pleaded in the complaint, but the court refused to give the instruction, and failed to give anything to enlighten the jury on that point. While, as stated in *Guild* v. *Portland Ry., L. & P. Co.,* 64 Or. 570 (131 Pac. 310, 312), "the negligent injury of one who is weak and incapacitated in person is as culpable as any other ill usage," still, if the plaintiff would recover for an aggravation of a former persistent injury, he must plead the same: *Maynard* v. *Oregon R. R. Co.,* 46 Or. 15 (78 Pac. 983, 68 L. R. A. 477). Under a pleading like the present complaint, all mere aggravation of former injury must be laid aside. The plaintiff can, of course, recover for the direct effect of the injury arising from the negligence of the defendant, notwithstanding, as an incident thereto, the former complaint may be aggravated; but nothing can be recovered for the aggravation itself, unless the same is averred.

3. The evidence on this subject could not be stricken out because it is intimately connected with the direct effect of the injury complained of; but it was the duty of the court to caution the jury against allowing anything for aggravation, the narration of which incidentally crept into the testimony.

4. The defendant requested, and the court neglected to give, instructions to the effect that the plaintiff must establish the negligence of the defendant by the preponderance of the evidence; that negligence cannot be presumed from the mere happening of an accident; that the defendant is presumed to be innocent of the negligence; that the mere happening of the injury or accident is not alone sufficient to charge the defendant, but that there must be some evidence attributing it to the negligence of the defendant. It is provided in Section 868, L. O. L., that "the jury, subject to the control of the court, in the cases specified in this code, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions. * * 5. That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory, the finding shall be according to the preponderance of evidence. * * " It is mandatory, therefore, upon the court in a case where the allegations of the complaint are traversed, to instruct the jury that the plaintiff must prove his case by the preponderance of the testimony. Again, if the complaint is true, the defendant is guilty of a tort or wrong. It is laid down as a presumption by Section 799, L. O. L., "that a person is innocent of crime or wrong." This presumption is a piece of evidence that the defendant was entitled to have submitted to the jury. Its refusal was error. It is, indeed, true that the statute under which this action was instituted greatly enlarges the duties of an em-

ployer, the violation of which constitutes culpable negligence in case an injury ensues; but the general rules for proving or combating a charge of such negligence have not been changed by the statute under consideration. The court was in error in not observing the directions of the code on the subjects indicated.

5. The injury complained of happened in the office of a wholesale drug firm. A foundryman, shown to be familiar with the use of ladders only in his establishment, was called as an expert, and was allowed to testify over the objection of the defendant to the effect that in his opinion the plaintiff, having the ladder only for that purpose, was not supplied with suitable appliances for making the alterations in the building of the defendant in the place where the accident occurred. As a rule, expert testimony and opinion evidence are to be considered only to illustrate and explain to the jury a complicated situation not ordinarily comprehended by men of common intelligence, and involving some difficult subject of art or science. Usually it is not sufficient alone to decide any question independent of other testimony about the facts involved. It is receivable for the ancillary purpose of making more comprehensible intricate facts detailed by other witnesses who testified directly to those facts. Whether or not the ladder was a suitable appliance for the work in hand with which the plaintiff was charged was peculiarly a question for the jury, and the authorities are unanimous that no witness can invade the province of the jury and undertake to decide by his opinion the issue committed to the twelve men. Conceding, without deciding, that so simple an appliance as an ordinary ladder could be made the subject of expert testimony, and that a man shown to be familiar only with conditions in a foundry was competent to give an opinion on conditions in the office of a drug company, yet it was clearly

error to permit him to give his opinion on the ultimate question to be decided by the jury, namely, whether or not the ladder in question was a suitable appliance for the task at hand.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.                    REVERSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.