TEXAS & PACIFIC RAILWAY CO. V. J. R. BROWN ET AL.

### No. 1973.

**1. Railway Company—Injury to Child in Yard—Permission or Invitation.**

In an action against a railway company for injury to a child of ten years while playing on cars in its yard, the petition alleged that defendant had for a long time allowed children to play in its yard, and that its yard and cars were attractive to children, and that plaintiff, the child, had previously played there without objection, and that defendant's foreman saw plaintiff there just before the accident. The court charged, in effect, that a railway company in operating its cars is bound to use ordinary care to avoid injuring a person on its premises by its permission or invitation. Held, that the charge was warranted both upon the issue of permission and of invitation, since under such facts an invitation is implied.

**2. Same—Degree of Care—Notice.**

An instruction charging, in effect, that a railway company owes no duty to a child of tender years on its premises without permission, till his danger is known to it, and not then unless it has notice of his incapacity to care for his safety, but that with such notice the defendant company must use ordinary care to avoid injuring the child, is one of which the defendant company can not complain.

**3. Same—Pleading—Allegation Sufficient on General Demurrer.**

Where the petition alleged that plaintiff was an immature child of ten years, and that defendant's agents saw his danger in time to have avoided the injury, this was sufficient on general demurrer to charge that defendant's agents knew of plaintiff's incapacity to take care of himself.

**4. Same—City Ordinance—Ringing Bell.**

The city ordinance of Fort Worth requiring the ringing of the bell in the running of locomotives within the corporate limits, is a valid exercise of municipal power under its charter; and if it is unreasonable as applied to a given state of case, such as the movement of engines in a railroad yard, this should be shown by allegation and proof.

**5. Same—Negligence.**

The violation of a valid city ordinance from which injury proximately results to a third person, is negligence per se.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*Geo. Thompson,* for appellant.—1. Appellee did not claim in his petition that he was on the premises by any permission or invitation, and by the charge complained of, the court submitted an issue not made by the pleadings. Ry. Co. v. French, 86 Texas, 96; Ry. Co. v. Measles, 81 Texas, 474; Western Union Tel. Co. v. Drake, 29 S. W. Rep., 919; Ry. Co. v. Cunningham, 30 S. W. Rep., 367.

2. The ordinance appears from its reading to have been intended for the benefit of the public, and should not be applied to places where it was supposed that the public was not concerned. Grube v. Ry. Co., 10 S. W. Rep., 189; Barner v. Ry. Co., 28 S. W. Rep., 1069; Bensten v. Ry. Co., 47 Minn., 486.

*R. L. Carlock,* for appellees.—1. Where, as in this case, only a general demurrer is interposed to appellee's pleading, the same not being insisted on, and being thereby waived, all reasonable intendments are indulged in, in favor of the sufficiency of such pleading. Mims v. Mitchell, 1 Texas, 443; Warner v. Bailey, 7 Texas, 517; Ry. Co. v. Watkins, 59 S. W. Rep., 232; Ry. Co. v. Cunningham, 30 S. W. Rep., 367.

2. The unreasonableness of an ordinance cannot be availed of unless proper allegations are made in the answer, setting out said defense; such a plea being one in confession and avoidance, and the defendant not having made such a plea cannot be heard to raise said issue now. Blueborn v. Ry. Co., 25 S. W. Rep., 947; City of Austin v. Cemetery Association, 28 S. W. Rep., 530; Bliss on Code Pleading, sec. 352.

3. According to the rule of this court, an act done contrary to a statutory duty, or valid municipal ordinance, should be deemed negligent per se, and if the proximate cause of injury, will subject the author thereof to the damages so occasioned. Ry. Co. v. Gass Camp, 69 Texas, 547; Ry. Co. v. Wilson, 60 Texas, 142; Ry. Co. v. Murphy, 46 Texas, 366; Ry. Co. v. Wright, 62 Texas, 517; Ry. Co. v. Nixon, 52 Texas, 28; Ry. Co. v. Porfert, 72 Texas, 351; Ry. Co. v. Laverty, 4 Texas, Civ. App., 75; Ry. Co. v. Moore, 69 Texas, 160; Ry. Co. v. Mattedale, 79 Texas, 582.

TARLTON, CHIEF JUSTICE.—November 9, 1888, Carl A. Brown, a child of ten years, was playing with five or six other boys in the yards of appellant, situate within the corporate limits of the city of Fort Worth. In these yards are located a main track and side tracks.

Carl Brown had climbed on a car containing coal, and was standing with his feet on the drawhead, holding on to the brakewheel, between two stationary cars, when against the latter several others were kicked by a switch engine, catching his foot and mashing and seriously injuring it. No warning of the approach of the cars was given, whether by ringing the bell or blowing the whistle or otherwise.

It appears that these yards were frequented by boys of tender years for the purpose of playing, and we infer that with the tracks and cars upon them the premises were so situated as to be alluring or attractive to children.

The verdict of the jury, supported by evidence, establishes the fact that in pushing the cars in the manner above indicated the defendant was guilty of negligence, and that the plaintiff, on account of nonage, should not be deemed responsible for contributory negligence.

On account of the injuries sustained, Carl Brown, suing by his next friend, J. R. Brown, recovered a verdict and judgment in the sum of $1500, from which this appeal is prosecuted.

*Opinion.*—The first assignment of error assails the first paragraph of the court's charge, reading thus: "A railway company in the conduct of its business of moving and operating its trains, is bound to use such care as a man of ordinary prudence would use under like circumstances, to

avoid injuring a person who may be upon its premises by its permission or invitation, and the failure so to do would constitute negligence on its part."

It is urged that this instruction is erroneous, because the issue neither of permission nor of invitation was raised by the pleadings or the evidence.

Among the facts alleged in the petition are the following: On November 9, 1888, the defendant kept and maintained certain railway yards in the city of Fort Worth, a large and prosperous city. At that time several public streets crossed these yards, and at all hours of the day people were accustomed to frequent, travel over, along and upon them. By license, usage and permission of the company, these people were allowed and permitted to pass over and along the yards, without regard to the street crossings. On account of the presence of cars and machinery on the side tracks in these yards, children of plaintiff's age were attracted there out of curiosity, and for the purpose of playing; and prior to the accident in question had, for a long time, by the usage, custom, invitation and permission of the defendant, been allowed, without molestation or restraint, to remain on them and to play about them and the side tracks. Carl Brown, an immature child of about ten years of age, was attracted to some coal cars of defendant standing on the side track, and while playing thereon with other childish companions, was there hurt by the negligent actions of the defendant, which violently switched its cars against those on which the plaintiff was standing, without ringing the bell or blowing the whistle, or giving any character of warning, though the plaintiff and his companions were prior to the accident seen by the agents and employes of the defendant in charge of its engine and yards, and might have been seen by them in the exercise of the slightest care and diligence.

There was testimony showing that boys had prior to this time frequently played upon these premises; that the plaintiff himself had played therein without objection on the part of any agent of the defendant; that no watchman was kept about the premises, though in a portion of the city where people lived on either side of the track; that the foreman of the switching crew on the occasion in question saw the plaintiff and his companions just prior to the accident, and that the engineer operating the switch engine could easily have seen the plaintiff, because he was in plain view of the children.

It is manifest, we think, that on the issue of permission the charge was responsive both to the pleadings and the testimony. The question of invitation is more embarrassing.

Among the definitions of the verb "to invite" given by the lexicographer Webster is, "to allure," "to attract." An invitation, then, may be said to consist in the act not only of requesting or bidding, but in that of alluring or attracting, or in a situation which in itself is attractive or alluring. In other words, it may be express or implied.

That there was no express invitation in this case, goes without saying.

That the presence in the yards or upon the premises and cars of the appellant of persons for purposes other than of business could but embarrass it in the discharge of its duties as a common carrier, is quite manifest. Yet if it permit persons to frequent its premises, if by the structure of its yards and its tracks, or by the manner in which its cars are held and operated, it has created a situation which is alluring or attractive to children of tender age, can it be said that the case of an implied invitation does not arise?

Such is the situation presented by the plaintiff's pleading in this instance, and by testimony tending to support it. It must be remembered that the conduct of a child is to be measured differently from that of an adult; that to the latter a situation may be repellant, as fraught with danger, whereas to the former—incapable of comprehending the feature of menace—the same situation may be inviting, attractive or alluring. Cook v. Navigation Co., 76 Texas, 357.

In the case of Harriman v. Railway Co., 45 Ohio St., 11, damages were held to be recoverable against the company on account of injuries sustained by a child of nine years in handling a torpedo left by the defendant on its track, along which said child was passing.

"It will be found," says the court, "by an examination of the cases in which consideration is given to the subject, that there is in reality no invitation, and it is implied from slight circumstances, generally from the fact that children, following their inclinations, go upon and into exposed and frequented objects and places."

So, the court in that case quotes with emphatic approval the following language of Judge Cooley in the case of Powers v. Harlow, 53 Mich., 507: "The moving about of the children upon the land where they were at liberty to go while they were not actually employed was as much an incident to their being there as is loitering or playing of children outside of the traveled part of the highway as they go upon it to school or upon errands. Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are charged with the duties of care and caution toward them must calculate upon this, and take precautions accordingly. If they have exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

This doctrine of implied invitation has been recognized in this State in the cases known as "Turntable Cases." Railway v. Evansich, 57 Texas, 124, and the cases following it.

Cars standing upon a track exposed at any moment to be abruptly moved, with consequent peril to a child who might be on or about them, might be considered dangerous manchinery. In Cook v. Navigation Co., supra, a tugboat seems to have been thus treated. In the latter case the court interpreted the act of certain members of the crew of the boat in inviting children thereupon as not binding upon the company operat-

ing the boat, because of the want of authority in the persons extending the invitation. In this we deem it proper to say that the court evidently had in mind an express and not an implied invitation.

We conclude upon the assignment considered, that the jury could not reasonably have understood the word invitation used in the charge otherwise than as here indicated; that the issue of invitation in the manner indicated arose upon the pleading and the evidence, and it was for the jury to say whether under the facts "in the very case" (Railway v. Evansich, 61 Texas, 7) it was established; or, in other words, whether the plaintiff was upon the premises and the car of the defendant by its permission or implied invitation, and whether the defendant used ordinary care to abstain from injuring him.

The second paragraph of the court's charge is as follows: "A railway company in the conduct of its business of moving and operating its trains, owes no duty to a person who may be on its premises without its permission, either express or implied, unless and until it discovers that such person so on its premises without permission is in danger from the operation of its said trains, or unless such person so on its premises without permission, from non-age or other cause, is incapable of properly caring for his own safety, and not then until the presence of such person on its premises is in fact known to the defendant, its agents or servants in charge of such trains, and the further fact that such person is incapable of properly caring for his own safety is known to said defendant, its agents or servants in charge of said trains, or would have been known to them by the use of such diligence and care as a man of ordinary prudence would have used under like circumstances. And where a person is on the premises of a railway company under either of the conditions as last above set out, it becomes the duty of such railway company to use such care to avoid injury to such person as a man of ordinary prudence would have used under like circumstances, and a failure so to do would be negligence on the part of said railway company."

The second assignment urges error in this instruction, "in that it placed the duty of anticipating danger to Carl Brown from the mere fact that his presence was known to the defendant's agents."

This charge requires the concurrence of two facts or conditions to constitute negligence. (1.) Knowledge of the presence of the appellee. (2.) Knowledge of his incapacity, or the power of ascertaining that fact by the use of ordinary care. The second element was unnecessary, for if his mere presence in a dangerous position, without reference to his incapacity, was known to the appellant, it was its duty, after discovering the danger, to use ordinary care to avoid injuring him. Railway v. Robinson, 4 Texas Civ. App., 125, and the numerous authorities there cited. The appellant is in no attitude to complain of the instruction.

It is urged in the third, fourth and eighth assignments of error that the second clause of the charge above set out was further erroneous, in that there was no evidence to the effect that Carl Brown's presence was

known to the defendant's agents, or that the agents knew that he was in a dangerous position, or that anyone knew of his incapacity to take care of himself.

We do not interpret the testimony in accordance with the contention of these assignments. The evidence shows, or tends to show, that the appellee was a child ten years old, small in stature; that he was standing in a position quite upright between two flat coal cars, his shoulders above them; that several boys were playing on the top and side of these coal cars, the intervening cars being flat; that the appellant's foreman who was directing the movement of the engine was forty yards away and saw the boys, and that they were in plain view of the engineer.

A proposition under these assignments further assails the instruction on the ground that there was no allegation in the petition that the operatives of the train knew of the incapacity of the appellee to take care of himself. Among numerous other averments, the petition describes the plaintiff as an immature child of ten years of age, and in effect charges that the defendant's agents in charge of the switch engine and yards saw the plaintiff and the danger to which he was exposed by reason of their negligence in ample time to have avoided the infliction on him of any injury; and that thus seeing and apprehending his danger, they negligently forced a number of detached cars against the car on which the plaintiff was standing, and seriously injured him. No special exception was addressed to the pleading on account of the absence of the specific allegation referred to. The averment of negligent injury, with knowledge of the dangerous position and the presence of the appellee, an immature child of ten years, as against a general demurrer, at least, covered the issue of incapacity submitted by the court. Besides, as already indicated, the submission of this issue, conceding knowledge by the appellant of the boy's presence and of his dangerous position, was unnecessary, and but imposed upon the plaintiff the burden of proving an additional fact not essential in this connection to the maintenance of his case.

The sixth assignment complains of the refusal of the following special instruction: "If the jury believe that defendant had exercised proper care to keep boys out of its yards, and that plaintiff was there without any permission or consent of it, and that its servants did not see or know of his danger, and had no reason in the exercise of ordinary care to suppose that he was in danger, under all the circumstances, then in such event you will find for the defendant."

It is believed that the propositions incorporated in this requested charge were substantially included in the second paragraph of the court's charge.

The objection to the admission in evidence of the municipal ordinance requiring the ringing of a bell in the running of locomotives within the corporate limits of the city, was properly overruled. We have heretofore held that the enactment of this ordinance was a valid exer-

cise of municipal power under the terms of the charter. Railway v. Nelson, 29 S. W. Rep., 80 (in which a writ of error was refused).

Nor are we prepared to hold that the court should have excluded this ordinance as unreasonable in its provisions or inapplicable to the facts of this case. In terms the ordinance requires that where a locomotive is operated within the corporate limits of Fort Worth, the bell attached thereto shall be rung before starting, and shall be kept ringing all the time the locomotive or engine shall be in motion. If the ordinance be inapplicable, it must be because under the evidence it is unreasonable; and if unreasonable, it seems that it should be thus assailed by proper averment and proof. Blueborn v. Railway Co., 29 S. W. Rep., 944; City of Austin v. Cemetery Association, 87 Texas, 330.

The ordinance in question was declared upon by the plaintiff as the basis for his cause of action, and the defendant failed to allege its unreasonableness or its inapplicability. Besides, it should be remembered that the defendant's employes testified, in support of the plaintiff's allegations, that these premises were, without protest or objection, much frequented by the public, and that the yards, situated in a thickly settled portion of the city, were traversed by people at any and all times and places. Under such circumstances, we should hesitate to hold that the regulations prescribed by the ordinance were either unreasonable or inapplicable.

Conceding the validity of the ordinance, which constituted a law within the limits of the city, its violation by the defendant, attended with injury proximately resulting, would, under the doctrine established in this State, constitute negligence per se, and it would become the duty of the court to so charge. Railway v. Nixon, 52 Texas, 19; Railway v. Moore, 69 Texas, 160; Railway v. Porfert, 72 Texas, 351; Bishop's Non-Contract Law, sec. 445.

The character of the injury, as indicated by the testimony of the plaintiff and of his attending physician, precludes us from holding the verdict of $1500 excessive.

We fail to find merit in any of the assignments presented in the able brief of appellant's counsel, and consequently order an affirmance of the judgment.

*Affirmed.*

Delivered November 9, 1895.

Writ of error refused. ·