## ADAMS v. PORTLAND RY., L. & P. CO.

(171 Pac. 219.)

**Carriers—Carriage of Passengers—Injuries to Passengers—Negligence.**

1. Where a door leading from the main compartment of the street-car to the front platform and designed to swing either way for the ingress or egress of passengers worked so hard that a passenger who was directed by the motorman to push on the door was, when she finally forced the door open, carried by the force of her push and the sudden opening out into the platform and down into the highway where she fell, the street railway company cannot defeat recovery on the ground that there was no actionable negligence, for the door, in the very nature of things, was defective.

**Trial—Carriage of Passengers—Instructions.**

2. In a personal injury action by passenger on street-car the refusal of instruction on contributory negligence which was not pleaded was not error, the jury being plainly charged so that they must have understood that there could be no recovery unless street railroad company was negligent and its negligence was the proximate cause of the injury.

**Carriers — Carriage of Passengers — Duty to Assist Passenger in Alighting.**

3. While a carrier is ordinarily under no duty to assist a passenger in alighting, it is the duty of the carrier's servants to assist a passenger where there is some unusual danger or difficulty arising from the means afforded for alighting.

[As to the rights of, and the railroad company's duties to, a passenger alighting from a train, see note in 50 Am. Rep. 277.]

**Carriers—Carriage of Passengers—Actions—Jury Question.**

4. In an action for injury received by plaintiff when she fell as the result of the sudden opening of a door on street-car furnished for egress against which she was told to push, question whether carrier's servants in charge of the car were negligent in failing to open the door, *held*, under the evidence, for the jury.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.   Statement by MR. JUSTICE HARRIS.

The defendant appealed from a judgment which was awarded to the plaintiff on account of personal injuries sustained by her. The plaintiff was a passenger on one of the street-cars operated by the defendant in the City of Portland. The main room or body of the car was separated from the vestibule in the front end by a partition wall extending across the car. Built in this partition wall was a door hung on hinges. This door was made to swing either way and when closed was kept in place by friction with a spring set in the top of the casing of the door. The motorman described the spring as follows:

"There is a little spring there with a little opening in the center of it. * * The door can slip either way, and when it comes into the little opening it holds it, so that you can pull it either way through the friction."

There was also an "exit door" leading from the vestibule so that a passenger who desired to leave the car would pass from the main room or body of the car through the door in the partition wall into the vestibule and then through the exit door to the street. When the car stopped at the plaintiff's destination she attempted to open the partition door and, finding that it "worked hard and stiff" she "pushed hard" on the door with the result that it opened suddenly causing her to follow the door, as it swung on its hinges, into the vestibule and thence through the exit door into the street. The plaintiff alleges in her complaint

"that defendant was then and there careless and negligent in the following particulars, to wit: 1. That the front door, through which defendant left said car, worked hard and stiff, and would not open excepting when great exertion was applied thereto, and that when plaintiff was leaving said car, in opening the door,

she pushed the same, and by reason of the same being stiff and hard and difficult to move, it opened abruptly and suddenly, causing plaintiff to fall on to the street; 2. That said defendant, through its crew in charge of said car, carelessly and negligently failed to open the front door of said car so that plaintiff could alight from the same."

Aside from admissions of the corporate character of the defendant and that the corporation was engaged in operating a street-car system, the answer consisted of a general denial.

The plaintiff was called as a witness and testified as follows:

"Q. Well, I wish you would tell the jury when you got there, what was done, on your part.

"A. When the car stopped for the passengers to get off, and I always go out the front end of the car at that place, and the other passengers did the same. I went to open the door, but I couldn't open it, and I knocked on the glass and told the motorman—I said to the motorman, 'I can't open this door,' and he says, 'Push it; it binds,' and I pushed it—

"Q. (Interrupting.) He said what?

"A. 'Push it; it binds,' and I pushed it, and he said 'Push it harder; it binds,' and I first pushed it with one hand, but when he told me that, I pushed it with both hands, and I pushed and pushed hard, and it opened very suddenly, and the door swung out, and my hands being on the door, I followed it right along, and I landed on the pavement. I don't know hardly how I did get there, but as the door swung back, I followed it right around through the other door.

"Q. Now, you say you landed on the pavement?

"A. Yes, sir.

"Q. Just tell the jury in what position.

"A. Well, I never touched the steps. In following the door around with my hands on it, I had no way of catching hold of anything to gain my balance, and I went right over the steps and never touched them, and

I fell sitting up—and I couldn't help myself up at all.
I couldn't move, when I tried to get up.''

We here set down portions of the plaintiff's testimony given on cross-examination:

"Q. So that when you tried to open it by pushing it,
you called then to the motorman, did you? What did
you say to the motorman?

"A. I says, 'I can't open this door.'

"Q. And he said, 'Push on it'?

"A. He said, 'Push on it; it binds,' and told me that
several times; to push it harder.'

"Q. And then you started to push it. Well, you
knew that the door was going to open that way, didn't
you?

"A. I knew it afterward.

"Q. Well, didn't you know it at the time?

"A. I didn't expect it to go so suddenly. When I
gave that harder push it just went suddenly, and I had
my hands on the door, and I couldn't let go and catch
hold of anything to save myself; I just followed it
right around with my hands on the door, and going
down that little drop there was what made me fall.'

"Q. You thought it would open, didn't you?

"A. I thought it would open, yes, but I didn't know
it was going to go so suddenly.

"Q. Well, you were pushing on it?

"A. Yes; I pushed on it to open the door, because I
was told to, but I didn't know it was just going to just
drop away in a minute so suddenly as that.''

AFFIRMED.

For appellant there was a brief over the names of
*Messrs. Griffith, Leiter & Allen* and *Mr. F. J. Lonergan*, with an oral argument by *Mr. Rufus A. Leiter*.

For respondent there was a brief over the name of
*Messrs. Davis & Farrell*, with an oral argument by
*Mr. Wilfred E. Farrell*.

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The defendant takes the position that the facts pleaded in the complaint and testified to by the plaintiff do not constitute actionable negligence and that the instant case is controlled by *Goss* v. *Northern Pacific Ry. Co.,* 48 Or. 439 (87 Pac. 149). The decision in that case was rested upon the ground that there was no proof of any fact or circumstance attending the accident from which an inference of negligence could be drawn and that therefore the negligence complained of was left wholly and entirely to inference and presumption from the mere happening of the accident. In *Christensen* v. *Oregon Short Line R. Co.,* 35 Utah, 137 (99 Pac. 676, 18 Ann. Cas. 1159, 20 L. R. A. (N. S.) 255), also relied upon by the defendant, the conclusion reached by the court was predicated on the theory that there was no evidence of any defect in any appliance or instrumentality used by the company unless such defect could be inferred from the fact that the door closed while the passenger was in the act of alighting from the train after passing through the open door. If, in the instant case, the mere happening of an accident constituted the only evidence of negligence then the plaintiff could not prevail. However, the plaintiff offered evidence of more than the mere happening of the accident; she testified to the attendant circumstances which, if true, constitute actionable negligence. The door was designed to swing either way so that passengers could pass through it upon entering or when leaving the car. The door was installed for the use of the plaintiff and all other passengers and she had the right to use it for the purpose for which it was installed. Moreover, she pushed on the door in response to an express invitation of the defendant. If

the door worked hard as the plaintiff says it did and if she could not open the door except by pushing it as she claims she did then it is obvious that the door was an improper one and that the defendant failed to perform the duty required of it by the law. The defendant made no attempt to show that the spring was examined after the accident and found to work properly. If the testimony of the plaintiff is to be believed then in the very nature of things either the spring or the door itself was defective: *McCarty* v. *St. Louis S. Ry. Co.*, 105 Mo. App. 596 (80 S. W. 7). It was not error for the court to refuse to grant the motions for a nonsuit or to decline to direct a verdict for the defendant.

2. The court did not commit prejudicial error in refusing to instruct the jury upon contributory negligence. The defendant did not plead contributory negligence as a defense. The pleadings made no issue upon that question. Nor was the evidence such as to entitle the defendant successfully to claim that it was injured by the refusal of the court to charge the jury upon contributory negligence, even though it be assumed, without deciding, that an instruction upon contributory negligence might sometimes be proper even in the absence of an answer pleading it as a defense: *Dunn* v. *Orchard Land Co.*, 68 Or. 97, 103 (136 Pac. 872). When the verdict is examined in the light of the instructions actually given it will plainly appear that the jury must have understood that the plaintiff could not recover unless she showed that the defendant was negligent and that such negligence was the proximate cause of the injury.

3, 4. The complaint accuses the defendant of negligence because the crew in charge of the car failed to open the door so that the plaintiff could alight from the car. It is true that, stated generally, the carrier is

under no duty to assist a passenger in alighting. But there are exceptions to this general rule: 1 Nellis on Street Railways (2 ed.), § 304; as where there is some unusual danger or difficulty arising from the means afforded for alighting: 6 Cyc. 611; 10 C. J. 932. Strictly speaking the plaintiff was not injured while alighting from the car. She was attempting to go from the main room to the vestibule so that she could then alight from the car. According to the testimony of the plaintiff the motorman had knowledge of the condition of the door; he was made aware of the difficulty which she was experiencing in attempting to open the door; and instead of assisting her to open the door the motorman instructed her what to do and she followed his instruction. Assuming the facts to be as testified to by the plaintiff it was not error to permit the jury to consider the second specification of negligence.

On the whole record we think the defendant had a fair trial and that it was not prejudiced by anything occurring at the trial. The judgment is therefore affirmed.                                        AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.