## SUTTLE v. TEXAS ELECTRIC RY.
### (No. 200.)

(Court of Civil Appeals of Texas. Waco. April 16, 1925. Rehearing Denied May 14, 1925.)

**1. Street railroads ⚌114(2)—Finding injury was result of unavoidable accident sustained.**

In action for death of passenger in automobile, resulting from collision with street car, evidence *held* to sustain finding that death was due to unavoidable accident.

**2. Trial ⚌114—Interruption of closing argument, by request of opposing counsel to ask question, not error, where request refused.**

Interruption, by counsel for defendant, of closing argument of counsel for plaintiff, stating that he wished to ask a question, without stating what the question was, *held* not error.

**3. Witnesses ⚌387—Refusal of cross-examination as to which of two contradictory statements were true not error.**

Where witness testified orally that he did not see collision, and written statement to claim agent that he had seen accident was in evidence, refusal to allow cross-examination as to which of the two statements was true *held* not error, in view of testimony that he had only gotten a glimpse of back end of automobile immediately before collision, but that he saw the street car when it occurred.

**4. Trial ⚌352(4)—Issue of unavoidable accident may be submitted under general denial.**

In personal injury action, issue of unavoidable accident, though not specifically pleaded, may be submitted under a general denial.

**5. Street railroads ⚌102(3)—No liability for unavoidable accident.**

There is no liability for death caused by collision between street car and automobile, where injury is result of unavoidable accident.

Appeal from District Court, McLennan County; Richard I. Monroe, Judge.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by R. B. Suttle against the Texas Electric Railway. Judgment for defendant, and plaintiff appeals. Affirmed.

Bryan & Maxwell and J. A. Kibler, all of Waco, for appellant.

Witt, Terrell & Witt, of Waco, for appellee.

BARCUS, J. Appellant instituted this suit against appellee for damages because of the death of his son, J. C. Suttle, alleging that a street car operated by appellant's agents in Waco collided with an automobile driven by Mrs. A. L. Walker, in which his son, together with 14 or 15 other children, were riding as the guests of Mrs. Walker, resulting in the death of his boy. Appellant alleged that appellee was guilty of negligence in failing to sound the gong or keep a lookout, and alleged that the motorman in charge of the street car actually discovered the presence of the automobile in time to have, by use of ordinary care, prevented the collision, and that each of said acts of negligence was the proximate cause of the injury. Appellee answered by general demurrer, general denial, and specially pleaded that the injury was the result of the negligence of Mrs. Walker, who was driving the automobile. The court submitted issues to the jury on the question of negligence of the appellee and on the question of negligence of Mrs. Walker, and in addition, submitted the following issue:

"Was the death of J. C. Suttle, plaintiff's son, due to an unavoidable accident? Answer 'Yes' or 'No.' If you answer the above question 'Yes,' then you need not answer any of the other special issues submitted to you, and you may return your verdict into court."

To which the jury answered, "Yes," and did not answer any of the other special issues submitted. There was no objection made by appellant to the court's submitting the above issue in the form same was submitted. Based on said finding, the trial court entered judgment for the appellee.

[1] Appellant complains of the jury's answer to the issue, contending that the same is not supported by the evidence. We overrule this assignment. The evidence tends to show that the street car had practically, if not entirely, stopped at the street crossing to permit a passenger to alight therefrom, when the automobile driven by Mrs. Walker came suddenly around the corner, and, in seeking to avoid a hole in the street, collided with the street car. There is also evidence tending to show that the motorman on the street car could not have seen the danger of a collision in time to have prevented same. Without stating in detail the testimony, the question of the injury, in so far as appellee is concerned, being the result of an unavoidable accident, was clearly raised thereby, and is sufficient to support the finding of the jury.

272 S.W.—17

[2] Appellant complains of what he calls the improper and unauthorized interference of counsel for appellee during the closing argument by appellant's counsel. The bill of exceptions shows that, while appellant's counsel was making his closing argument, appellee's counsel arose from his seat, and, in the presence and hearing of the jury, stated to appellant's counsel that he desired to ask him a question, and plaintiff's counsel objected to any question being asked and objected to being interfered with, and appellee's counsel was not permitted to and did not state what question he desired to ask counsel. We overrule this assignment. The jury were not informed as to either the kind or character of question counsel expected to ask. The mere fact that counsel requested appellant's counsel to permit him to ask a question, without stating what the question was, is not sufficient to show error. S. A. U. & G. R. Co. v. Galbreath (Tex. Civ. App.) 185 S. W. 901; Robertson v. Coates, 1 Tex. Civ. App. 664, 20 S. W. 875.

[3] Appellant assigns error because of the trial court's refusal to permit counsel for appellant, on cross-examination, to ask the witness Butler, after he (Butler) had testified orally on the witness stand that he did not see the collision in question, and after a written statement made by Butler to the defendant's claim agent shortly after the accident had been introduced in evidence, in which written statement said witness had stated that he did see said accident, to ask the following question:

"Is this statement you make, which has been introduced in evidence true, or is the statement you now make true?"

Appellee objected to said question on the ground it was argumentative and improper. The statement of facts shows that the witness Butler testified on cross-examination as follows:

"I testified on direct examination that I only got a glimpse of the back end of the automobile. * * * In the statement I signed I say, 'I saw a collision between a street car and an automobile.' I saw the street car and all when it happened. I did not see the car hit into the street car; no, sir. I testified on both direct and cross examination that the only time I saw the automobile was the back end of it. I did not actually see the collision. I did not see them when they came together."

The testimony of the witness as given by him, both in his written statement at the time the accident occurred and his direct and cross examination, was all before the jury. We do not think any error is shown by the court's sustaining appellee's objection to said question.

[4, 5] Appellant complains of the trial court having submitted the issue of an unavoidable accident, because same was not pleaded. We overrule this assignment. Where the evidence is sufficient to raise the

issue of an unavoidable accident, it is proper to submit same where the defendant has filed a general denial. Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534. If the collision between the street car and automobile which caused the injury was the result of an unavoidable accident, appellee would not be liable for damages for the child being killed. Mayo v. Ft. W. & D. C. Ry. Co. (Tex Civ. App.) 234 S. W. 937; Texas Electric Ry. v. Burt, 272 S. W. 255, recently decided by this court.

We have examined all of appellant's assignments of error, and same are overruled.

The judgment of the trial court is affirmed.