Argued January 17, affirmed February 13, 1929.

# LILLIAN STAMOS *v.* PORTLAND ELECTRIC POWER COMPANY ET AL.

(274 Pac. 915.)

For appellant there was a brief over the name of *Messrs. Griffith, Peck & Coke* with an oral argument by *Mr. Cassius R. Peck.*

For respondent, Lillian Stamos there was a brief and oral argument by *Mr. John C. McCue.*

BELT, J.—This is an action to recover damages for personal injuries sustained in a collision between an automobile and a street-car on which plaintiff was a passenger. After alleging that each of the defendants was negligent in certain particulars, plaintiff avers that their concurrent acts of negligence were the proximate cause of her injuries. The defendant Schultz, the driver of the automobile, was served but made no appearance. Default judgment was taken against him. The defendant, Portland Electric Power Company, answered denying that it was negligent and alleging affirmatively that whatever injuries if any, the plaintiff sustained were caused by the negligence of the defendant Schultz. The jury returned two verdicts, one in favor of the Portland Electric Power Company and the other against defendant Schultz in the sum of $1,000. Plaintiff moved to set aside both judgments and verdicts on account of error in law committed in the trial. A new trial was granted as against the electric company. The order makes no reference to the other defendant. The defendant company appeals.

1, 2. We cannot agree with the contention that both judgments were set aside by the trial court. The order in reference to the granting of a new trial was not definite as to the defendant Schultz, but we take it that, in view of his default, the court did not undertake to do that for which there was no legal

authority. The negligence of Schultz was admitted and the only issue to be submitted to the jury relative to such defendant was the question of damages. No complaint was made by plaintiff in reference thereto. That it is proper in an action against joint tort-feasors to grant a new trial as to one defendant and deny it as to the other is well established: 46 C. J. 78; 20 R. C. L. 224.

3, 4. It was prejudicial error to instruct the jury as follows:

"Now let us consider her charges against the street railway company, but before doing so, let me say that if you find from the evidence this accident was un-avoidable, why then the railway company could not be liable in damages, that is, if as between the plain-tiff and the street railway company it was an un-avoidable accident, *that is, maybe had someone exer-cised unusual care, had extraordinary foresight it might have been avoided, but the law does not require that.*"

That part of the above instruction which is italicized is inconsistent with and contradictory to other parts of the court's instructions that the railway company, in the operation of its street-car, owed to plaintiff as a passenger "the highest degree of care compatible with the practical operation of its street cars:" *Cob-lentz* v. *Jaloff*, 115 Or. 656 (239 Pac. 825); *Graham* v. *Corvallis & Eastern R. R. Co.*, 71 Or. 477 (142 Pac. 774). It is noted that in other parts of the court's charge there is an inconsistency as to the degree of care which the defendant company owed to the plain-tiff. "Due care" is not the same as exercising the "highest degree of care."

If the company failed to exercise the highest degree of care, it was guilty of negligence. If it was negli-

gent, there could be no unavoidable accident. Such defense implies the absence of negligence.

5, 6. We hold that, if there is evidence to support it, the defense of unavoidable accident is proper, although not specially pleaded: *Suttle* v. *Texas Electric Railway* (Tex Civ.), 272 S. W. 256. It is permissible under a general denial. "Unavoidable accident" is a direct refutation of the charge of negligence. The defendant, under a general denial, is entitled to offer any evidence which tends to show that it was not guilty of negligence: Pomeroy's Code Remedies (4 ed.), § 546; *Dunn* v. *Orchard Land Co.*, 68 Or. 97 (136 Pac. 872), is not authority to the contrary. Justice BURNETT in that case, referring to "unavoidable accident," said:

"No situation of that kind is disclosed by the pleadings or the testimony. An instruction on that point, therefore, would have been merely academic and hence improper."

It is not there held that it was necessary to plead such defense. In *Ordeman* v. *Watkins*, 114 Or. 581 (236 Pac. 483), such defense was rejected but it was by reason of the absence of any evidence tending to support it. It is true that in 29 Cyc. 580 it is stated that inevitable accident is one of the special defenses which must be pleaded, but it is noteworthy that 45 C. J. 1113, treating of the same subject matter, omits inevitable accident as one of the special defenses which must be pleaded: *Shaw* v. *Hollenbach*, 21 Ky. Law Rep. 1561 (55 S. W. 686), and *Wilson* v. *Roach*, 101 Okl. 30 (222 Pac. 1000), tend to support the contention of the plaintiff in this respect, but we are not prepared to accept such cases as controlling. We think that *Suttle* v. *Texas Electric Railway, supra,* is a better reasoned case.

7. Plaintiff also took exception to the following instruction:

"The burden rests upon the plaintiff, not only to satisfy you that the defendant was negligent, but also that such negligence was one or more of the proximate causes of the plaintiff's injuries, or a concurring proximate cause of the injuries."

Mr. Justice McBRIDE, in *Stool* v. *Southern Pacific Co.*, 88 Or. 350 (172 Pac. 101), said:

"Strictly speaking there cannot be two 'proximate' causes for any injury. Where two or more circumstances each involving negligence, combine to produce an injury which, but for all of them, would not have occurred, these circumstances taken together are the cause of the injury and therefore constitute but one proximate cause."

In the instant case, plaintiff was not concerned as to which of the two defendants was the more negligent. If their combined negligence was the proximate cause of her injuries, she was entitled to prevail against both. If the negligence of Schultz alone was the proximate cause of the accident, then, of course, the defendant company would be absolved from liability. The jury has found a verdict against Schultz and therefore it follows that on retrial the alleged negligence of the defendant company can, in no event, be said to have been the sole proximate cause of this accident. If it is to be held liable it must be on the theory that its negligence concurred with that of Schultz in producing the result of which plaintiff complains.

8, 9. It was well for the court to instruct the jury as to the reciprocal duties owed by these defendants at the street intersection in question, but it is to be borne in mind that this is not a controversy between

the street railway company and the driver of the automobile. The real question for the determination of the jury was: What were the respective duties of the defendants to the plaintiff? Even though Schultz may have been negligent it would not relieve the defendant company from liability unless his negligence was the sole proximate cause of the accident: *Peters* v. *Johnson*, 124 Or. 237 (264 Pac. 459); *Singer* v. *Martin*, 96 Wash. 231 (164 Pac. 1105). The company was bound to exercise the highest degree of care to avoid injury to its passenger, regardless of the admitted negligence of the defendant Schultz.

10, 11. Since the cause must be retried, as against the electric company, it is deemed proper to say that, in the event of a verdict against it, it can only be in the sum of $1,000, as that is the amount which has been heretofore adjudicated as compensation for the injuries which plaintiff sustained. There can be no apportionment of damages between joint tort-feasors.

We think it unnecessary to consider other assignments of error.

The order of the Circuit Court granting a new trial as against the defendant company is affirmed.

AFFIRMED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.