## SHAVER v. MASON. (No. 728.) *

Court of Civil Appeals of Texas. Waco.
Jan. 24, 1929.

White & Yarborough, of Dallas, for appellant.

Hamilton, Frank & Hamilton, of Dallas, for appellee.

GALLAGHER, C. J. This suit was instituted by appellant, L. F. Shaver, against appellee, Victor Mason, to recover damages suffered by appellant as the result of being struck by appellee's Ford car at the intersection of two streets in the city of Dallas. Appellant alleged that said accident was the direct result of negligence on the part of appellee. Appellee denied appellant's allegations, pleaded affirmatively the exercise of due care on his part, contributory negligence on the part of appellant, and inevitable accident.

There was a trial by jury on special issues. The following issues and answers thereto control the disposition of this appeal:

"(7) Did Victor Mason fail to drive on the right hand side of Harwood street while traveling south thereon at the time of the collision? Answer: Yes.

"(8) Did such failure, if any, of the defendant Victor Mason to drive on the right hand side of Harwood street traveling south thereon, proximately cause the injuries in question? Answer: Yes.

"(9) Was the plaintiff guilty of contributory negligence in failing to keep a proper lookout for his own safety at the time and place in question? Answer: Yes.

"(10) Was the plaintiff guilty of contributory negligence in crossing the street at the time of the collision, if any without looking in both directions to see whether or not defendant's car was coming? Answer: Yes.

"(11) Was plaintiff guilty of contributory negligence in failing to use due care and attention to the place where he was going at the time and place of the collision? Answer: Yes."

The jury, in addition to the above findings, further found that appellee's injuries were not the result of an inevitable accident, and that he suffered damages in the sum of $350. All the other issues submitted involved acts of negligence charged against appellee. Negative answers thereto render consideration of the same immaterial. The court rendered judgment for appellee.

### Opinion.

■■ Appellant complains of the foregoing special issues on the subject of his contributory negligence, and contends that each of the same assumes disputed facts, and submits only whether the facts so assumed constituted negligence. The accident occurred at the intersection of Liveoak and Harwood streets in the city of Dallas. Harwood street runs north and south. Liveoak street running east and west, crosses the same at right angles. According to appellant's testimony, he was crossing Harwood street from the northwest corner of said intersection to the northeast corner thereof, over the usual and customary course pursued by pedestrians in traveling along the north side of Liveoak street. It was early evening, but already dark. Appellee was traveling south on Harwood street in his Ford car. He turned to the left at said intersection into Liveoak street. Appellant testified that appellee's car struck him with great force on the left side when he was within about three feet of the curb at the northeast corner of said street intersection; that he was knocked down by the impact; that the car ran over him and dragged him several feet, turning him over in doing so. He testified that before starting across the street he looked in both directions for an approaching car and saw none. He further testified to the exercise of due care in crossing said street, and that he did not see nor hear appellee's car

until it struck him. The jury were authorized to infer from his testimony, with reference to the force with which the car struck him, that it was traveling at a rapid speed. We think appellant's contention is correct. In view of his testimony with reference to looking up and down Harwood street before attempting to cross the same, whether he failed to keep a proper lookout for his own safety, and whether he looked to the left to see whether defendant's car was approaching, and whether he failed to use due care and attention to the place where he was going at the time, were all issuable facts which he was entitled to have the jury pass upon. All the same were assumed against him in the issues complained of. This was error. Pullman Co. v. Moise (Tex. Civ. App.) 187 S. W. 249, 251, par. 2, and authorities there cited; Chicago, R. I. & G. Ry. Co. v. De Bord (Tex. Civ. App.) 132 S. W. 845, 846, and authorities there cited; M. K. & T. Ry. Co. of Texas v. Smith (Tex. Civ. App.) 133 S. W. 482, 483; Northern Traction Co. v. Peterman (Tex. Civ. App.) 80 S. W. 535, 537; Austin Gaslight Co. v. Anderson (Tex. Civ. App.) 262 S. W. 136, 137, 138; M. K. & T. Ry. Co. v. Jordan (Tex. Civ. App.) 2 S.W.(2d) 312, 316, par. 8; Hines v. Thornton (Tex. Civ. App.) 251 S. W. 523, 524.

Appellee contends the answers of the jury to issues (7) and (8) as above recited do not authorize recovery by appellant; that no other judgment except one in appellee's favor could have been rendered, and that, therefore, errors in submitting issues of contributory negligence were harmless and do not justify a reversal of the judgment. This contention is based on the absence of a finding by the jury that the action of appellee in driving south on the left-hand side of Harwood street constituted negligence. Appellant pleaded and proved that ordinances of the city of Dallas require drivers of vehicles traveling its streets to keep as near as practicable to the right-hand curb, and, on turning to the left, to pass around the center of the street intersection. Appellant testified that he was struck about three feet from the left-hand curb of Harwood street. According to his testimony, appellee, instead of traveling south on said street as near as practicable to the right-hand curb, was in fact traveling along the left-hand side thereof, within three feet of the left-hand curb. The jury found that appellee was not traveling on the right-hand side of said street. He was therefore necessarily traveling on the left-hand side thereof, and, in doing so, violating the ordinances of said city. The jury found that such violation was the proximate cause of appellant's injuries. Where an act prohibited by statute or ordinance is the proximate cause of injury to a person, as in this case, it constitutes actionable neg-

ligence as a matter of law. Waterman Lumber Co. v. Beatty, 110 Tex. 225, 227, 228, 218 S. W. 363, and authorities there cited; H. & T. C. Ry. Co. v. Wilson, 60 Tex. 142, 144; St. L. B. & M. Ry. Co. v. Price (Tex. Com. App.) 269 S. W. 422, 428; T. & P. Ry. Co. v. Brown, 11 Tex. Civ. App. 503, 33 S. W. 146, 148, 149 (writ refused).

Appellant complains of the action of the court in submitting to the jury for determination the issue of inevitable accident. We have reviewed the evidence, and, without reciting the same, hold that such issue was raised thereby. Suttle v. Texas Electric Ry. (Tex. Civ. App.) 272 S. W. 256, 257; Dallas Railway Co. v. Speer (Tex. Civ. App.) 299 S. W. 507, 511, par. 7, and authorities there cited.

None of the other matters complained of will necessarily occur upon another trial. The judgment of the trial court is reversed, and the cause is remanded.

