Argued March 14; affirmed July 10, 1930

# KUNIHOLM *v.* PORTLAND ELECTRIC POWER CO.

(289 P. 1055)

*Cassius R. Peck* of Portland (Griffith, Peck & Coke of Portland, on the brief) for appellant.

*Paul R. Harris* of Portland (Davis & Harris and Donald K. Grant, all of Portland, on the brief) for respondent.

BROWN, J. The plaintiff testified, in substance, that, on March 16, 1928, he stationed himself on Williams avenue near its intersection with Graham street, at a proper place for passengers who intended to board a street car at that point; that, when he saw the car approaching he signaled the motorman to stop, and the motorman thereupon checked the car to three or four miles per hour. Plaintiff says he then boarded the car, and, while standing upon the steps thereof, with his hands grasping the rails and both feet firmly

planted upon the running board, he saw the conductor signal to the motorman by pulling a cord. His testimony continues:

"Q. Then you felt this jerk, now, this jerk as you stood there? A. Yes.

"Q. It must have been considerable of a jerk wasn't it, Mr. Kuniholm? * * * A. Well, it was hard enough to jerk anybody off. It jerked me off.

"Q. It was hard enough jerk so it broke your hand hold there? A. Jerked off my right hand. All I had was my left hand to hang onto.

      *       *       *       *       *

"Q. And yet there was jerk enough to break your grip with your right hand—didn't it throw you back? A. Yes, it threw me backwards, yes. * * * It threw me right against the side of the car on the left-hand side. * * * I was jerked completely off the step. * * * Jerked me off so that I hanged on with my left hand, and I tried to pull myself back up on the steps, and I could see that I couldn't do it, and I was dragged about fifteen feet. * * * It just jerked me right around, jerked me right off the step."

■ The defendant asserts that the trial court erred in failing to give the following requested instruction:

"The only negligence alleged by the plaintiff against the defendant which could have been a proximate cause of the accident was the alleged moving forward of the street car with a sudden lurch or jerk when the plaintiff was upon the step. Hence, unless you find from a preponderance of the evidence that the street car did move forward with a sudden lurch or jerk when the plaintiff was upon the step, you will return your verdict for the defendant."

The court did not give the specific instruction set out above. It did, however, instruct the jury, in part, as follows:

"The questions that have been presented to you by these pleadings are, first, was the plaintiff a passen-

ger? If he was a passenger, if you so find, a degree of care which the court will describe to you was imposed upon the defendant. If he was not a passenger, did not become a passenger, your deliberations would be at an end and your verdict should be for the defendant, because it is the theory of the case that the relation of passenger and carrier obtained, and, having obtained, the duty imposed upon the carrier was brought into play. Furthermore, if you find that he was a passenger, then you will have to further find, before the plaintiff would be entitled to recover, that the defendant was guilty of negligence toward him as a passenger, in that he was thrown from the car by an unusual jerk of the street car, which it is claimed was negligence.

"* * * You must be satisfied, by a preponderance of the testimony, that the plaintiff had been accepted as a passenger by the defendant railway company, and that he was thrown from the step of the street car by an unusual jerk of the street car. Unless the plaintiff proves each and both of these propositions by a greater weight of the evidence, he cannot recover and you will return a verdict for the defendant.

         *         *         *         *         *

"The plaintiff claims, and must prove to your satisfaction, by a greater weight of the evidence, that the proximate cause of this accident was the unusual jerk of the street car as he stood upon the steps with both hands gripping the hand holds. It is for you to determine, from all of the facts and circumstances, whether the accident was occasioned in that manner, and, unless you are satisfied, from a greater weight of the evidence, that such was the proximate cause of the accident, you will return your verdict for the defendant."

These instructions abundantly cover the subject matter of the foregoing instruction requested by the defendant, and the court did not err in failing to give the same.

■ Defendant's second assignment of error relates to the refusal of the trial court to instruct the jury as follows:

"If you find from the evidence that the plaintiff knew, or, in the exercise of reasonable care, should have known, that the Williams avenue car was following the Vancouver car, and, in the exercise of reasonable care, should have waited for the Williams avenue car, then he was negligent in attempting to board the Vancouver car, which was moving, and you will return your verdict for the defendant company."

In support of this assignment, the defendant cites 5 R. C. L., p. 49, § 690. This is an erroneous application of the authority cited. From a perusal thereof, it is at once apparent that the above section does not support the contention of defendant, nor do we know of any authority that would warrant the instruction requested.

■■ The third and last assignment is based upon the refusal of the court to give the following instruction:

"If you find from the evidence that the accident was unavoidable so far as the defendant company was concerned, you will return your verdict in its favor."

In support thereof defendant cites the case of *Stamos v. Portland Electric Power Co.*, 128 Or. 310 (274 P. 915), which case is authority for the holding that in an action for injuries a defense of unavoidable accident is admissible under general denial. In rendering the opinion in that case, in which there appears an interesting discussion of the subject of unavoidable accident, the court quotes from the case of *Dunn v. Orchard Land Co.*, 68 Or. 97 (136 P. 872), as follows:

"No situation of that kind is disclosed by the pleadings or the testimony. An instruction on that point, therefore, would have been merely academic and hence improper."

Nor is there any proof in the instant case that would have warranted the court in giving the instruction requested.

In a vigorous presentation of this appeal, the testimony was fully discussed before this court. Such testimony shows but one proximate cause, i. e., one dominant cause from which the injury followed as a direct and immediate consequence. See *Brady v. Oregon Lbr. Co.*, 118 Or. 15, 20 (245 P. 732, 45 A. L. R. 812). Concerning the sufficiency of the testimony adduced, there is no question raised. On the other hand, the record amply shows that the case was properly submitted to the jury for its disposition.

The judgment is affirmed.

COSHOW, C. J., BEAN and BELT, JJ., concur.